UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARRYL KEVIN SAWYER,

Petitioner,

v.

RICHARD MORGAN,

Respondent.

Case No. C04-2373 MJP JPD

REPORT AND RECOMMENDATION

## I. INTRODUCTION

Petitioner has filed a *pro se* petition for writ of *habeas corpus* challenging his 1982 conviction in state court for first degree murder. After reviewing the petition, respondent's motion to dismiss, and the available record, this Court concludes that petitioner's first five claims are time-barred and that his remaining claim fails to state a proper ground for relief under § 2254. Accordingly, respondent's motion to dismiss should be granted.

## II. FACTS & PROCEDURAL HISTORY

Petitioner was convicted of first degree murder after a bench trial in King County Superior Court on February 10, 1982. Dkt. No. 8, Ex.1. Because of the particularly brutal nature of the murder and fact that petitioner had a long violent history with his victim, the presiding judge recommended a minimum sentence of life imprisonment. Dkt. No. 8, Ex. 2. Petitioner appealed to Division I of the Washington State Court of Appeals, and in an unpublished decision, that direct appeal was denied on October 31, 1985. Dkt. No. 8, Ex. 14.

On May 8, 1989, petitioner collaterally attacked his conviction by filing a Personal Restraint Petition ("PRP") with Division I of the Washington State Court of Appeals. Dkt. No. 8, Ex. 14. That PRP raised eight grounds for relief, but was dismissed on February 27, 1990. Dkt. No. 8, Ex. 14, 16. Petitioner then filed a Motion for Discretionary Review of his PRP with the Washington State Supreme Court, raising fourteen issues for review. Dkt. No. 8, Ex. 17. The motion was denied. Dkt. No. 8, Ex. 19.

Shortly after the Washington State Supreme Court denied the Motion for Discretionary Review, the Indeterminate Sentence Review Board ("ISRB") requested and obtained a statement from the prosecuting attorney and sentencing judge for use in recommending a minimum term for petitioner under new Sentencing Guidelines. Dkt. No. 8, Ex. 11. Based on these recommendations, on December 4, 1990, the ISRB set petitioner's minimum sentence at 500 months. Dkt. No. 8, Ex. 12. It met again in 1997 and determined that its minimum term determination should not be changed. Dkt. No. 8, Ex. 13.

On December 23, 2002, petitioner filed another PRP with the Washington Supreme Court. Dkt. No. 8, Ex. 20. That court, however, transferred the PRP to Court of Appeals, Division 1, which dismissed the PRP on September 17, 2003. Dkt. No. 8, Ex. 22, 24. Petitioner continued his collateral attack by filing a Motion for Discretionary Review with the Washington Supreme Court, which was denied in 2003. Dkt. No. 8, Ex. 25, 26. On May 3, 2004, the Washington Court of Appeals, Division I issued a Certificate of Finality. Dkt. No. 8, Ex. 29.

Petitioner filed this petition for writ of *habeas corpus* on November 23, 2004, challenging his 1982 state court conviction pursuant to 28 U.S.C. § 2254. Dkt. No. 1. On January 31, 2005, respondent filed a motion to dismiss, arguing chiefly that petitioner's claims were time barred. Dkt. No. 8. Petitioner then filed an "Opposition to Respondent's Motion to Dismiss and Memorandum in Support Thereof" that challenged respondent's time bar arguments. Dkt. No. 10.

## III. CLAIMS FOR RELIEF

Petitioner raises six claims in his petition. In his first four claims, he attacks the December 4, 1990, decision of the ISRB to maintain his life sentence, asserting that the decision erroneously: (1) refers to "multiple stab wounds" and that such information was deliberately and wrongly used against him; (2) relied upon non-existent or unsubstantiated evidence that tended to show he had a history of beating his victim; (3) based its sentencing determination on the premise that the victim suffered a "savage beating" at the hands of petitioner, despite evidence to the contrary; and (4) relied on unreliable witness testimony that tended to show his victim was alive for approximately fifteen minutes following her stabbing.

Petitioner's fifth claim attacks the ISRB's January 13, 1997, decision not to alter the duration of his sentence as erroneously noting as an additional aggravating factor that petitioner had violated the victim's "zone of privacy." In his sixth claim, petitioner argues that "that the lower court erred on page 1 of the ruling denying review . . . stating that the [ISRB] at that time had no authority to set a minimum term for murder." Dkt. No. 1 at 20-28. The sixth claim appears to be attacking the Washington Supreme Court's December 4, 2003, Ruling Denying Review. *See Id.*

As discussed below, the Court recommends claims one through five be dismissed as time barred. The Court further recommends that claim six be dismissed for failing to state an independent ground for which *habeas corpus* relief can be granted.

## IV. DISCUSSION

On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which worked substantial changes in the law of federal post-conviction relief. Pub. L. No. 104-132, 110 Stat. 1214, § 105 (1996). One of those changes was to adopt a one-year statute of limitations for § 2254 actions challenging state court convictions. *See* 28 U.S.C. § 2244(d)(1) (1996). AEDPA's statute of limitations applies to petitioners whose state court judgments became final prior to the date it was signed into law, but

grants them a one year grace period in which to file. *See Carey v. Saffold*, 536 U.S. 214, 217 (2002); *Patterson v. Stewart*, 251 F.3d 1220, 1223 (9th Cir. 2001). Thus, for petitioners whose judgments became final prior to April 24, 1996, their period to file expired April 24, 1997.

AEDPA § 2244(d)(1) provides four dates, the latest of which should be used for calculating when the statute of limitations begins to run:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

The statute of limitations may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . ." 28 U.S.C. § 2244(d)(2). Thus, the filing of a properly filed PRP prior to the running of the statute tolls it. *Artuz v. Bennet*, 531 U.S. 4, 7-8 (2000); *Dictado v. Ducharme*, 244 F.3d 724 (9th Cir. 2001).

Petitioner's first five claims attack the 1990 and 1997 decisions of the ISRB. Therefore § 2244(d)(1)(D) provides the proper date from which to calculate the running of the statute of

limitations. Under § 2244(d)(1)(D), the starting date for the calculation of the statute of limitations is the date the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Here, the factual predicate of plaintiff's first four claims arose at the time of the ISRB's December 4, 1990, determination that petitioner serve his 500 month sentence. Because the ISRB's determination occurred prior to the date AEDPA was signed into law, the statute of limitations on those claims expired a year later, on April 24, 1997. Petitioner, however, did not file this petition until more than a decade later. Dkt. No. 1. Moreover, the statute of limitations was not tolled for petitioner by virtue of filing a PRP because his first post AEDPA PRP was filed on December of 2002, more than five years after the limitations period had expired. Petitioner's first four claims should therefore be dismissed as time barred.

Similarly, the "factual predicate" of petitioner's fifth claim arose at the time of the ISRB's January 13, 1997, determination not to adjust petitioner's minimum prison term. The statute of limitations on that claim would therefore have expired a year after that date, or on January 13, 1998. As noted above, however, petitioner's petition was filed on November 13, 2004 (Dkt. No. 1), well after the statute ran. In addition, because petitioner's only applicable PRP was filed with the Washington Supreme Court in December of 2002, after the limitations period had expired, the statute was not tolled. Petitioner's fifth claim should therefore be dismissed as time barred.

The only way that petitioner's first five claims could escape dismissal would be if equitable tolling provisions applied. While AEDPA's statute of limitations is subject to equitable tolling, *Calderon v. United States Dist. Ct. (Beeler),* 128 F.3d 1283, 1288 (9th Cir. 1997)*, overruled in part on other grounds by, Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc), it only applies in very limited circumstances. The Ninth Circuit has made clear that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon*, 128 F.3d at 1288 (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701

(9th Cir. 1997)).

Here, petitioner has alleged no "extraordinary circumstances" beyond his control that have made it "impossible" to file a timely petition. In addition, no such evidence is apparent from the Court's review of the record. Thus, because petitioner's petition was filed after the running of the statute of limitations and because no evidence justifies equitable tolling, petitioner's claims one through five should be dismissed as time barred.

Unlike claims one through five, petitioner's sixth claim does not attack a decision of the ISRB. Rather, it appears to attack the Washington Supreme Court's December 4, 2003, Ruling Denying Review of his PRP. Dkt. No. 1 at 28; Dkt. No. 8, Ex. 25. To state a valid § 2254 claim, petitioner must attack a state court judgment on the grounds that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, however, plaintiff is not in custody pursuant to the Washington Supreme Court's ruling on his PRP, but rather because of the decisions of the trial court and ISRB. Because petitioner's sixth claim does not challenge the judgment of the trial court or decision of the ISRB, the sixth claim fails to state a proper claim upon which *habeas corpus* relief can be granted. Claim six of his petition should therefore be dismissed.

## V. CONCLUSION

Petitioner's claims one through five were filed after the running of the statute of limitations and no justification for equitable tolling exists. Each of those claims should be dismissed as time barred. Petitioner's sixth claim should be dismissed for failure to state proper grounds upon which *habeas corpus* relief can be granted because it does not attack the proper basis of his confinement. A proposed order accompanies this Report and Recommendation.

DATED this 31st day of March, 2005.

s/JAMES P. DONOHUE
United States Magistrate Judge